# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**REBHI ALLAN, AMAL AHMAD**
**and DIMA ALLAN,**

    **Plaintiffs,**

**v.**           **Case No: 6:25-cv-775-PGB-RMN**

**MARCO RUBIO and KRISTI**
**NOEM,**

    **Defendants.**
_____/

## <u>ORDER</u>

This cause is before the Court upon Defendants' Marco Rubio, as the United States Secretary of State, and Kristi Noem, as the Secretary of the United States Department of Homeland Security, (collectively, the "**Government**") Motion to Dismiss Plaintiffs' Complaint. (Doc. 14 (the "**Motion**")). Plaintiffs Rebhi Allan, Amal Ahmad, and Dima Allan (collectively, the "**Plaintiffs**") filed a response in opposition (Doc. 17 (the "**Response**")), and the matter is now ripe for review. Upon consideration, the Motion is due to be granted.

## I. BACKGROUND[1]

Plaintiffs Rebhi Allan and Amal Ahmad are citizens of the Hashemite Kingdom of Jordan. (Doc. 1, ¶¶ 10–11). They are the parents of Plaintiff Dima Allan,

---

[1] This account of the facts comes from Plaintiffs' Complaint. (Doc. 1 (the "**Complaint**")). The Court accepts the well-pled factual allegations therein as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

who is a citizen of the United States and a resident of Winter Garden, Florida. (*Id.* ¶ 12).

Pursuant to the Immigration and Nationality Act, United States citizens over the age of twenty-one years old may file a visa petition for their parents to become lawful residents in the United States. (*Id.* ¶ 15 (citing 8 U.S.C. § 1151(b)(2))). After the petition is approved, "the consular office shall either issue or refuse the visa." (*Id.* ¶ 17 (citing 22 C.F.R. § 42.81)). Plaintiff Dima Allan filed a petition on behalf of her parents, which was subsequently approved for review by the National Visa Center. (*Id.* ¶¶ 19–20). Plaintiff Rebhi Allan "attended his interview at the US consulate located in Amman, Jordan in August 2023. Plaintiff Amal Ahmad attended her interview at the US consulate located in Amman, Jordan in February 2024." (*Id.* ¶ 21). In 2025, their applications for visas were refused. (Doc. 14, p. 4).[2]

Plaintiffs seek mandamus relief pursuant to 28 U.S.C. § 1361, requesting that the Court: (1) "[a]ssume jurisdiction herein"; (2) "[c]ompel the [Government] and those acting under them to perform their duty or duties to adjudicate their immigration visa applications"; and (3) "[g]rant such other and further relief, as the Court deems appropriate and just." (Doc. 1, ¶ 31).[3]

---

[2]    This fact is derived from the Motion. While Courts ordinarily must not look to facts outside of the Complaint, Courts can consider extrinsic evidence when jurisdiction is at issue. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). As the Court will discuss later, this is a jurisdictional fact located outside of the Complaint that the Court may consider.

[3]    The Court notes that the Complaint does not organize its causes of action into separate counts. Thus, the Court distills specific remedy requested from the last paragraph of the Complaint, wherein Plaintiffs explicitly petition the Court for mandamus relief.

## II.   STANDARD OF REVIEW

### A.   Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge subject matter jurisdiction on facial or factual grounds. *Carmichael*, 572 F.3d at 1279; *see also* FED. R. CIV. P. 12(b)(1). For facial challenges, as here, the court looks to the face of the complaint and determines whether the plaintiff sufficiently alleges standing. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). In doing so, the court is limited to the complaint's allegations and exhibits, which the court must accept as true. *Id.* at 1232. Factual challenges, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279.

### B.   Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the

3

complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III.   DISCUSSION

In the Motion, the Government argues that Plaintiffs' mandamus claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons discussed below, the Court agrees.

### A.   The Administrative Procedure Act

As an initial matter, the Court clarifies that Plaintiffs do not state an Administrative Procedure Act ("**APA**") claim. Inexplicably, the Motion asserts defenses to APA claims. (*See* Doc. 14). However, while the Court has diligently parsed the Complaint, there is no sufficiently articulated APA claim to be found.

To the extent that the Complaint cites the APA, it does so only for jurisdictional purposes. (*See* Doc. 1, ¶¶ 2–5). Outside of the Complaint's jurisdictional allegations, there is no further citation to the APA and the relief requested sounds entirely in mandamus.

Even if Plaintiffs had brought APA claims, the Complaint does not separate the mandamus cause of action from any APA causes of action. Thus, in any event, the Complaint would be due for dismissal as a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). Accordingly, the Court need not address any APA related arguments, as no APA claim is stated.

### B.   Extrinsic Evidence

Next, the Court concludes that the Motion launches a factual attack on subject matter jurisdiction. Namely, the Government specifically cites to both the facial and factual attack standards. (Doc. 14, p. 4). Moreover, the Plaintiffs also cite these standards. (Doc. 17, p. 2). This is significant, as it places Plaintiffs on notice that the "usual protections afforded by 12(b)(6) and 12(b)(1) . . . no longer apply to the instant Motion." *Betancourt v. River Lanes of Titusville Inc*, No. 6:23-CV-414-PGB-DCI, 2023 WL 4405487, at *2 (M.D. Fla. July 7, 2023) (citing *Williamson v.*

*Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) [4] (in a factual attack in a motion to dismiss "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.")). Accordingly, the Court can consider the Government's assertion that Rebhi Allan and Amal Ahmad's visas were denied. (Doc. 14, p. 4).

### C.    Subject Matter Jurisdiction Under the Mandamus Act

Plaintiffs seek mandamus relief. Specifically, Plaintiffs seek to compel the Government to adjudicate their visa requests. Because the Government has already done so, this Court lacks subject matter jurisdiction, and the case must be dismissed.

Under the Mandamus Act, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "'[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases.'" *Hakki v. Sec'y, Dep't of Veteran Affs.*, 7 F.4th 1012, 1036–37 (11th Cir. 2021) (quoting *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003)). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" *Cash*, 327 F.3d at 1258

---

[4]    The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

(quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)). "Put another way, a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if defendant owes him a clear nondiscretionary duty.'" *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).

The Government asserts that mandamus relief is moot. (Doc. 14, p. 5). Specifically, the Government argues that, while it is required to adjudicate Rebhi Allan and Amal Ahmad's visa requests, it has *already* denied the request pursuant to 8 U.S.C. § 1201(g). (*Id.*). While the Government concedes that "[c]onsular officers often provide applicants who have been refused under § 1201(g) additional administrative processes . . . [t]here is no statutory order or duty requiring Defendants to engage in additional administrative processes[.]" (*Id.* at p. 3). Essentially, the Government argues that it has already performed its statutorily required duties to Plaintiffs. (*Id.*). As a result, the Government asserts that the Court lacks jurisdiction under the Mandamus Act.

Plaintiffs do not appear to rebut the fact that their applications were refused.[5] Nor do Plaintiffs point to a discreet, nondiscretionary agency action that

---

[5]  Moreover, the Government's claims about the status of Plaintiffs' applications are owed a presumption of regularity. "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Latif v. Obama*, 666 F.3d 746, 748 (D.C. Cir. 2011) (citation omitted). The presumption "applies to government-produced documents no less than to other official acts." *Id.* Importantly, the "presumption in favor of the Government's evidence" is proper "so long as that presumption remain[s] a rebuttable one and fair opportunity for rebuttal [is] provided." *Hamdi v. Rumsfeld*, 542 U.S. 507, 534 (2004). In this case, when the Government asserts that Plaintiffs' visa applications were adjudicated and rejected, the Court defers. Plaintiffs were afforded an opportunity to rebut the presumption in their Response but have failed to do so.

the Government has failed to take. (*See* Doc. 17). Importantly, the Court has no authority to compel "agency action that is not demanded by law." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004).

Accordingly, because the Government is not legally required to provide any additional process, this Court lacks jurisdiction under the Mandamus Act. Thus, the Motion to Dismiss is due to be granted.[6]

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Government's Motion to Dismiss Plaintiffs' Complaint (Doc. 14) is **GRANTED**. The Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE** and the Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on February 17, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

---

[6] Numerous courts across the country have reached the same conclusion in similar circumstances. *See, e.g.*, *Halhouli v. U.S. Dep't of State*, No. 8:25CV223, 2025 WL 2322393, at *8 (D. Neb. Aug. 12, 2025) ("[Department of State] can no longer inflict the injury that [plaintiff] alleges gives him standing—undue delay in determining whether to issue or refuse his spouse's visa petition—because the [Department of State] has denied the visa petition."); *Jajermi v. Rubio*, No. 1:24-CV-02471-SBP, 2025 WL 2720594, at *5 (D. Colo. Sept. 24, 2025); *Rajabi v. Rubio*, No. CV 24-01968 (PLF), 2026 WL 252233, at *5 (D.D.C. Jan. 30, 2026); *Moini v. Rubio*, No. 0:24-CV-62160, 2025 WL 2414573, at *3 (S.D. Fla. Aug. 21, 2025); *Ramizi v. Blinken*, 745 F. Supp. 3d 244, 260 (E.D.N.C. 2024); *Frankford Vapor Inc. v. Rubio*, No. 4:25-CV-45, 2026 WL 265253, at *6 (E.D. Tex. Feb. 2, 2026); *Esghai v. U.S. Dep't of State*, No. 24 CIV. 2993 (PAE), 2024 WL 4753799, at *7 (S.D.N.Y. Nov. 12, 2024).

Counsel of Record
Unrepresented Parties

9