## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**REBHI ALLAN, AMAL AHMAD**
**and DIMA ALLAN,**

      **Plaintiffs,**

**v.**                           **Case No: 6:25-cv-775-PGB-RMN**

**UNITED STATES SECRETARY**
**OF STATE and SECRETARY,**
**U.S. DEPARTMENT OF**
**HOMELAND SECURITY,**

      **Defendants.**
_____/

## ORDER

This cause comes before the Court upon Plaintiffs Rebhi Allan, Amal Ahmad, and Dima Allan's (collectively, the "**Plaintiffs**") Motion to Reconsider Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 22 (the "**Motion**")). Defendants United States Secretary of State and Secretary, U.S. Department of Homeland Security (collectively, the "**Government**") have filed a response in opposition. (Doc. 23). Upon consideration, the Motion is due to be denied.[1]

---

[1]  A full account of the factual record can be found in the Court's Order granting the Government's Motion to Dismiss. (*See* Doc. 20, pp. 1–2).

## I.    LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly."[2] *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion typically arises under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[3] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted).

## II.    DISCUSSION

Here, Plaintiffs assert that the Court should reverse the Order granting the Government's Motion to dismiss. Plaintiffs "disagree" with the Court's finding that

---

[2]    Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

[3]    "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

the Government has "adjudicated their visa requests and is not legally required to provide any additional process." (Doc. 22, p. 2). Plaintiffs argue that a refusal of a visa application pursuant to the Immigration and Nationality Act ("**INA**") § 221(g) does not satisfy the Government's discreet and non-discretionary duty to review and adjudicate their visa applications, and then to "issue the visa[s] [or] refuse the visa[s]." 8 U.S.C. § 1202(d); 22 C.F.R. § 41.121(a). Plaintiffs believe this because the Foreign Affairs Manual allows a consular officer to revisit an INA § 221(g) refusal when a consular officer is presented with additional evidence. 9 FAM § 306.2-2(A)(a). While Plaintiffs' mere disagreement with the Court's view on the law is an insufficient basis for the Motion, nonetheless, the Court will clarify its holding.

The INA governs the issuance of visas provided to foreign nationals seeking entry into the United States. Plaintiffs filed a Form I-130 Petition for Alien Relative, requesting that USCIS grant visas to Plaintiffs based upon their familiar relationship with a U.S. citizen. As is relevant here, a consular officer must either issue or refuse the visa. 22 C.F.R. § 41.121(a). "If the applicant fails to establish visa eligibility, the consular officer 'shall' refuse the application under Section 221(g) of the INA." *Rajabi v. Rubio*, No. CV 24-01968 (PLF), 2026 WL 252233, at *1 (D.D.C. Jan. 30, 2026) (quoting 8 U.S.C. § 1201(g)). However, the Foreign Affairs Manual says that consulate officials "should re-open and re-adjudicate the case" when "the applicant has presented additional evidence . . . ." 9 FAM § 306.2-2(A)(a)(1).

3

In this case, it is undisputed that 1) Plaintiffs' visas were refused pursuant to Section 221(g) of the INA and 2) their application was reopened pursuant to the procedures in 9 FAM § 306.2-2(A)(a). Therefore, because the Court only has the authority to compel the government to perform "a *discrete* agency action that it is *required to take*" by law, the only remaining issue is whether the Foreign Affairs Manual carries the force of law. *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).

Ultimately, the Foreign Affairs Manual does not carry the force of law because it was "not promulgated in accordance with the procedural requirements of the Administrative Procedure Act", not "published in the Federal Register or the Code of Federal Regulations", nor "promulgated pursuant to an independent congressional authority." *W. Radio Servs. Co. v. Espy*, 79 F.3d 896, 901 (9th Cir. 1996); *Rajabi v. Rubio*, No. 7:24-CV-494, 2025 WL 1266961, at *7 n.6 (W.D. Va. May 1, 2025) (citing *Scales v. I.N.S.*, 232 F.3d 1159, 1166 (9th Cir. 2000)).

Thus, because there is no remaining discrete and non-discretionary action for this Court to compel the Government to undertake, this Court lacks subject matter jurisdiction over this action for mandamus relief. Accordingly, the Motion is denied.

## III.   CONCLUSION

As a result, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Reconsider Pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 13, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties